2006, are approved and it is ORDERED that Thomas Joseph Barnes, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

cessing of the Petition for Reinstatement shall be paid by the Petitioner.

Justice BALDWIN did not participate in this matter.

**In the Matter of Eugene Sylvanus BYERS.**

**Petition for Reinstatement from Inactive Status.**

**No. 112 Disciplinary Docket No. 8.**

Supreme Court of Pennsylvania.

March 23, 2006.

ORDER

PER CURIAM.

AND NOW, this 23rd day of March, 2006, the Report and Recommendations of the Disciplinary Board dated January 30, 2006, are approved and it is ORDERED that Eugene Sylvanus Byers, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for

**In the Matter of Nicholas L. PAONE.**

**Petition for Reinstatement from Inactive Status.**

**No. 172 Disciplinary Docket No. 7.**

Supreme Court of Pennsylvania.

March 23, 2006.

ORDER

PER CURIAM.

AND NOW, this 23rd day of March, 2006, the Report and Recommendations of the Disciplinary Board dated January 30, 2006, are approved and it is ORDERED that Nicholas L. Paone, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that he has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and pro-

Reinstatement shall be paid by the Petitioner.

Justice BALDWIN did not participate in this matter.

■

## OFFICE OF DISCIPLINARY COUNSEL, Petitioner

v.

**David MacGregor NEIL, Respondent.**

**No. 1118 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

March 23, 2006.

*O R D E R*

PER CURIAM:

AND NOW, this 23rd day of March, 2006, upon consideration of the Report and Recommendations of the Disciplinary Board dated January 4, 2006, it is hereby

ORDERED that David MacGregor Neil be and he is suspended from the Bar of this Commonwealth for a period of five years, to run consecutive to the suspension imposed by this Court on December 22, 2004, at No. 867 Disciplinary Docket No. 3.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Justice BALDWIN did not participate in this matter.

■

## OFFICE OF DISCIPLINARY COUNSEL, Petitioner

v.

**Daniel E. HOULIHAN, Respondent.**

**No. 1117 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

March 28, 2006.

*O R D E R*

PER CURIAM:

AND NOW, this 28th day of March, 2006, upon consideration of the Report and Recommendations of the Disciplinary Board dated January 4, 2006, the Petition for Review and response thereto, it is hereby

ORDERED that Daniel E. Houlihan be and he is suspended from the Bar of this Commonwealth for a period of four years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Justice BALDWIN did not participate in this matter.